1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON ELLENWOOD,

Plaintiff,

v.

DEPARTMENT OF CORRECTIONS
MENTAL/MEDICAL HEALTH *et al*.,

Defendants,

Case No.  C08-5197FDB

ORDER TO AMEND
THE COMPLAINT

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge

pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and

MJR 4.  Plaintiff has been granted leave to proceed *in forma pauperis*.  The court now considers the 50 page

proposed complaint (Dkt. # 1). Plaintiff names no person in his complaint, only sub agencies within the

Department of Corrections.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct

complained of was committed by a **person** acting under color of state law and that (2) the conduct

deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United

States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474

U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these

1  elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S.
2  1020 (1986).

3  Neither states nor state officials acting in their official capacities are persons for purposes of 42
4  U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 48, 71 (1989). This rule applies equally
5  to state agencies. See Kaimowitz v. Board of Trustees of the Univ. of Ill., 951 F.2d 765, 767 (7th Cir.
6  1991); Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991). Because they are not persons within the
7  meaning of § 1983, plaintiff has not stated a cause of action against these state agencies.

8  Plaintiff's claims against the state agencies are also barred by the Eleventh Amendment. The
9  Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court
10  without the state's consent. See Seminole Tribe of Florida v. Florida 116 S.Ct. 1114, 1131 (1996); Natural
11  Resources Defense Council v. California Dep't of Transportation, 96 F.3d 420, 421  (9th Cir. 1996).
12  Eleventh Amendment immunity extends to state agencies. Pennhurst State Sch. & Hosp. v. Holdeman,
13  465 U.S. 89, 101-102(1984). Eleventh Amendment immunity is not automatically waived in actions
14  brought under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332 (1979). Washington has not waived the
15  protection of the Eleventh Amendment. Edgar v. State, 92 Wn.2d 217 (1979). Plaintiff does not name any
16  of the medical or mental health personnel as defendants. Instead, he names sub departments within the
17  Department of Corrections.

18  Further, the complaint is a 50 page narrative. Fed. R. Civ. P 8 (a) requires a short plain statement
19  of the claim showing plaintiff is entitled to relief. Plaintiff's recitation of the history leading to his facial
20  injury and his recitations alleged emotional conditions are not relevant to the claims except to the extent
21  plaintiff claims emotional injury as a result of defendants alleged failure to act.

22  The clerk is directed to send plaintiff a form prisoner 1983 complaint. Plaintiff is directed to fill out
23  the form. Plaintiff may attach additional sheets as needed, however, plaintiff is warned, the complaint must
24  contain short clear statements of his claims. An amended complaint will be due on or before **July 11,**
25  **2008**, Plaintiff is informed that failure to file an amended complaint or failure to cure the defects in his
26  complaint will result in a Report and Recommendation that this action be dismissed.

27  Plaintiff has also filed a letter asking the court for guidance in conducting discovery and obtaining
28  information regarding the names of the persons he wishes to sue (Dkt. # 6). First, the court does not

conduct business by letter.  Where plaintiff needs court action the proper filing is a motion which must be served on opposing parties or their counsel.  Second, the court cannot give legal advice to a party. Plaintiff's letter will remain in the file without any further court action on that document.

The clerk's office is directed to send plaintiff another copy of the form and note the **July 11, 2008,** date on the court's calendar.

DATED this 5 day of June, 2008.

_/S/ J. Kelley Arnold_
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 3