UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON ELLENWOOD,

                Plaintiff,

  v.

M.D. DAVE KENNEY, *et al*.

                Defendants.

No. 08-5197FDB/JRC

ORDER TO SHOW CAUSE

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

Plaintiff was given until March 20, 2009, to provide service copies and service documents. He did not comply with the Court's March 2, 2009, Order (Dkt # 16).

For over a year the Court has worked to obtain a servable complaint from plaintiff. This action was filed on March 31, 2008 (Dkt # 1). The proposed complaint was a fifty page document that included a long narrative section in which plaintiff alleges he was accidentally shot in the face at age fifteen. Plaintiff alleges he suffers from mental illness as a result of disfigurement to his face. In the original complaint he describes in detail symptoms of

ORDER TO SHOW CAUSE- 1

depression, including auditory and visual hallucinations which he allegedly experiences (Dkt. # 8).

Plaintiff claims he is entitled to reconstructive surgery, not for medical reasons, but for his mental health. He contends a prison medical review committee violated his constitutional rights when it denied his request for reconstructive surgery. The original complaint was filed June 5, 2008, after plaintiff cured defects in his application to proceed *in forma pauperis* (Dkt. # 8).

On June 5, 2008, the Court ordered plaintiff to amend the complaint as the original complaint named only sub-agencies of the Department of Corrections. The Court also noted the complaint violated Fed. R. Civ. P. 8 (a) as it was a narrative and not a short plain statement of the claim.

The Court received a timely first amended complaint naming John and Jane Doe medical personnel who were on the committee that denied plaintiff's request (Dkt # 10). The Court ordered service, even though the defendants were not specifically identified by name (Dkt. # 11). On July 30, 2008, the Washington State Attorney General's Office entered a limited notice of appearance reserving objections regarding sufficiency of service; no person accepted this attempt at service by mail.

Four months later, on December 1, 2008, the Court entered an Order to Show Cause as plaintiff had taken no steps to serve any party by name and the case was not being prosecuted (Dkt # 14). Plaintiff filed documents with the Court indicating he was attempting to obtain the names of the persons on the committee that denied his request. Plaintiff indicated that he had finally obtained those names (Dkt. # 15, 17, and 18). On January 6, 2009, the Court ordered plaintiff to file an amended complaint that named a proper party (Dkt # 16). Plaintiff complied

ORDER TO SHOW CAUSE- 2

with the Court's order and on February 20, 2009, he filed an amended complaint naming ten persons he alleges denied his request for reconstructive surgery (Dkt # 21).

Plaintiff provided no service copies and no filled out service forms. On March 2, 2009, nearly one year after this action was originally filed; the Court entered an order directing plaintiff to provide service documents (Dkt. # 22). Plaintiff is no longer incarcerated and he is not relying on prison officials to make copies for him. The Court gave plaintiff two weeks to make copies and provide them to the Court.

It appears this action is languishing as a result of plaintiff's failure to prosecute and failure to follow a court order. Fed. R. Civ. P. 41 (b) and Local Civil Rule 41 (b) allow a court to dismiss an action for failure to comply with court orders. Local Rule 41 provides in part " [T]he plaintiff in any such action will be given an opportunity to show cause in writing , or at the court's election in open court, why the case should not be dismissed."

The court now **ORDERS** plaintiff to **SHOW CAUSE** why this action should not be dismissed without prejudice for failure to prosecute and failure to follow a court order. A response is due on or before **May 1, 2009.**

The Clerk's Office is directed to remove the **March 20, 2009,** due date from the Court calendar and send plaintiff a copy of this order. Further, the **May 1, 2009**, due date for a response should be noted.

DATED this 2nd day of April, 2009.

J. Richard Creatura
United States Magistrate Judge

ORDER TO SHOW CAUSE- 3