UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON ELLENWOOD,

      Plaintiff,

 v.

M.D. DAVE KENNEY, *et al*.

      Defendants.

No. 08-5197FDB/JRC

REPORT AND RECOMMENDATION

NOTED FOR: June 19, 2009

  This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Plaintiff is proceeding *in forma pauperis* (Dkt. # 7).

  For over a year the Court has worked with plaintiff in an attempt to obtain a servable complaint that names proper defendants. On March 2, 2009, the Court entered an order that gave plaintiff until March 20, 2009, to provide service copies of his complaint to the court. Plaintiff has not complied as of May 11, 2009. This matter is ripe for a Report and Recommendation.

Report and Recommendation- 1

The Court recommends that this action be dismissed for failure to prosecute and failure to comply with a Court order. The Court will not accept a late filing at this point in time given the past delays in this action.

## PROCEDURAL HISTORY

This action was filed on March 31, 2008 (Dkt # 1). The complaint was a fifty-page document that included a long narrative section in which plaintiff explains that he was accidentally shot in the face at age fifteen. Plaintiff alleges that he suffers from mental illness as a result of the disfigurement of his face. In the original complaint he describes in detail the symptoms of depression, including auditory and visual hallucinations that he allegedly experiences (Dkt. # 8).

Plaintiff claims that he is entitled to reconstructive surgery, not for medical reasons, but for his mental health. He contends a medical review committee violated his constitutional rights when it denied his request for reconstructive surgery. The original complaint was filed June 5, 2008 (Dkt. # 8).

On June 5, 2008, the Court ordered plaintiff to amend the complaint as the original complaint named only sub-agencies of the Department of Corrections. The court also noted the complaint violated Fed. R. Civ. P. 8 (a) as it was a narrative and not a short plain statement of the claim.

The Court received a timely first amended complaint naming John and Jane Doe medical personnel from the committee that denied plaintiff's request (Dkt # 10). The Court ordered service, even though the defendants were not specifically identified by name (Dkt. # 11). On July 30, 2008, the Washington State Attorney General's Office entered a limited notice of

Report and Recommendation- 2

appearance reserving objections regarding sufficiency of service; no person accepted the attempt at service by mail.

Five months later, on December 1, 2008, the Court entered an Order to Show Cause as plaintiff had taken no steps to serve any party by name and the case was not being prosecuted (Dkt # 14).

Plaintiff filed documents with the Court indicating he was attempting to obtain the names of the persons on the committee that denied his request. Plaintiff indicated that he had finally obtained those names (Dkt. # 15, 17, and 18). On January 6, 2009, the Court ordered plaintiff to file an amended Complaint that named a proper party (Dkt # 16). Plaintiff complied with the court's order and on February 20, 2009, he filed an amended complaint naming ten persons he alleges denied his request for reconstructive surgery (Dkt # 21).

Plaintiff provided no service copies and no filled out service forms. On March 2, 2009, nearly one year after this action was originally filed, the court entered an order directing plaintiff to provide service documents (Dkt. # 22). Plaintiff is no longer incarcerated and he is not relying on prison officials to make copies for him. When the Court did not receive the service copies, an Order to Show Cause was entered. The response is inadequate given the amount of time this case has been pending (Dkt. # 25).

The Court has not received the service documents and recommends that this action be dismissed for failure to prosecute and for failure to comply with a Court order. This would be a **DISMISSAL WITHOUT PREJUDICE**. This dismissal is not a strike under 28 U.S.C. 1915 (g), as it is not a dismissal for failure to state a claim.

Report and Recommendation- 3

## DISCUSSION

Fed. R. Civ. P. 41 (b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Given the amount of time this case has languished, further delay is not appropriate. Plaintiff has failed to provide service documents and failed to comply with a court order. The Court recommends that this action be DISMISSED WITHOUT PREJUDICE.

## CONCLUSION

Plaintiff's failure to comply with court orders and failure to provide service copies warrants dismissal of this action. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days from service of this Report to file written objections. *See also,* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 19, 2009,** as noted in the caption.

DATED this 26th day of May, 2009.

J. Richard Creatura
United States Magistrate Judge

Report and Recommendation- 4